UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TERRELL HARDY,<br><br>Petitioner,<br><br>v.<br><br>MIKE MARTEL, Warden,<br><br>Respondent. | NO. CV 11-3304-RGK (AGR)<br><br>ORDER TO SHOW CAUSE |

On April 19, 2011, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254. For the reasons discussed below, it appears that the one-year statute of limitations has expired.

The Court, therefore, orders Petitioner to show cause, on or before **May 23, 2011**, why this Court should not recommend dismissal with prejudice based on expiration of the one-year statute of limitations.

///

///

///

**1.**

## PROCEDURAL BACKGROUND

The Petition indicates that on April 19, 1998, Petitioner was convicted of grand theft pursuant to Cal. Penal Code § 487. (Petition at 2.) Petitioner was sentenced to 25 years to life. (*Id.*) On August 16, 1999, the California Court of Appeal affirmed the judgment with modifications. (*Id.* at 3; Case No. B120984, online docket.) On November 10, 1999, the California Supreme Court denied the petition for review. *People v. Hardy*, 1999 Cal. LEXIS 7854 (1999).

The Petition states that, on December 14, 2000, the Los Angeles Superior Court denied a petition for writ of habeas corpus. (Petition at 3-4.) On December 29, 2000, the California Court of Appeal denied a petition for writ of habeas corpus. (*Id.* at 4.)

On February 8, 2010, the Los Angeles County Superior Court denied a petition for writ of habeas corpus. (Attachment to Petition.) Although not mentioned in the Petition, the online docket indicates that Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal on April 2, 2010. On April 13, 2010, the petition was denied. (Case No. B223430, online docket.) On April 29, 2010, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court. On November 10, 2010, the California Supreme Court denied the petition. (Attachment to Petition; Case No. S182280, online docket.)

On April 6, 2011, Petitioner signed and mailed the Petition to this Court. (Petition at 7.)

**2.**

## STATUTE OF LIMITATIONS

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA

///

in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D).

### a. The Date on Which Conviction Became Final

The California Supreme Court denied the petition for review on November 10, 1999. *Hardy*, 1999 Cal. LEXIS 7854. His conviction became final ninety days later on February 8, 2000. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). The statute of limitations expired one year later on February 8, 2001. Petitioner signed and mailed his federal habeas petition on April 6, 2011, over 10 years later. (Petition at 7.) The Petition is time-barred unless the statute of limitations was tolled.

### b. Statutory Tolling

The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). However, the statute of limitations is not tolled during the interval between the time a conviction becomes final on direct review and the time the first state habeas petition is filed because there is no case "pending" during that interval. *Thorson v. Palmer,* 479 F.3d 643, 646 (9th Cir. 2007).

Petitioner does not state when he first filed a state habeas petition. However, on December 14, 2000, the Los Angeles Superior Court denied a petition for writ of habeas corpus. (Petition at 3-4.) On December 29, 2000, the California Court of Appeal denied a petition for writ of habeas corpus. (*Id.* at 4.)

///

3

Accordingly, even assuming the statute of limitations was tolled for the entire period from February 8, 2000 through December 29, 2000, the statute of limitations expired one year later on December 29, 2001.  The Petition would remain barred by the statute of limitations.

On February 8, 2010, the Los Angeles County Superior Court denied a petition for writ of habeas corpus.  (Attachment to Petition.)  A state habeas petition filed after the limitations period has expired does not toll or revive the expired limitations period.  *Welch v. Carey*, 350 F.3d 1079, 1081-84 (9th Cir. 2003).

### c. **Equitable Tolling**

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling."  *Holland v. Florida,* 130 S. Ct. 2549, 2554, 177 L. Ed. 2d 130 (2010).  "[A] 'petitioner' is 'entitled equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)).  "The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence."  *Id.* at 2565 (citations and quotation marks omitted).  The extraordinary circumstances must have been the cause of an untimely filing.  *Pace*, 544 U.S. at 418.  "[E]quitable tolling is available for this reason only when '"extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time"' and '"the extraordinary circumstances" were the *cause* of [the prisoner's] untimeliness.'"  *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (citations omitted; emphasis in original).

The Petition does not provide any basis for equitable tolling.

### d. **The *Cunningham* Decision**

It appears Petitioner may argue that Ground One is not barred by the statute of limitations because it is based on the United States Supreme Court's

4

decision on January 22, 2007 in *Cunningham v. California*, 549 U.S. 270, 275, 127 S. Ct. 856, 166 L. Ed. 2d 856 (2007), and the California Supreme Court's decision in *In re Gomez*, which held that "*Cunningham* applies retroactively to any case in which the judgment was not final at the time the decision in *Blakely* was issued."[1] 45 Cal. 4th 650, 660, 88 Cal. Rptr. 3d 177 (2009).

The statute of limitations may start running on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C); *see Dodd v. United States*, 545 U.S. 353, 357, 359, 125 S. Ct. 2478, 162 L. Ed. 2d 343 (2005). In *Dodd*, the Supreme Court addressed a provision in 28 U.S.C. § 2255[2] that is materially identical to 28 U.S.C. § 2244(d)(1)(C):

> The limitation period shall run from the latest of -
>
> * * *
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

The court held that the statute starts running on the date the court recognizes the right, not on the date the court makes it retroactively applicable. *Id.* at 358.[3]

///

---

[1] The Supreme Court decided *Blakely v. Washington* on June 24, 2004, *after* Petitioner's conviction became final on February 8, 2000. 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004). The Ninth Circuit held *Blakely* announced a new rule which does not apply retroactively to a conviction that was final before *Blakely* was announced. *Schardt v. Payne*, 414 F.3d 1025, 1038 (9th Cir. 2005).

[2] Under section 2255, a federal prisoner may challenge his or her sentence as unconstitutional.

[3] "*Dodd* is equally applicable to section 2244(d)(1)(C)." *Johnson v. Robert*, 431 F.3d 992, 992-93 (7th Cir. 2005) (per curiam).

However, a petitioner "may take advantage of the date in the first clause of ¶ 6(3) only if the conditions in the second clause are met." *Dodd*, 545 U.S. at 359.

The Supreme Court decided *Cunningham* on January 22, 2007. The Supreme Court has not recognized *Cunningham* as a new rule. The Ninth Circuit has held that *Cunningham* did not announce a new rule. *Butler v. Curry*, 528 F.3d 624, 639 (9th Cir. 2008). The Ninth Circuit interpreted *Cunningham* as "simply appl[ying] the rule of *Blakely* to a distinct but closely analogous state sentencing scheme." *Id.* at 636. The *Cunningham* decision does not provide an alternative start date for the statute of limitations under 28 U.S.C. § 2244(d)(1)(C). Moreover, Petitioner did not file his petition within one year after the decision in *Cunningham*.

Nor can Petitioner rely on the California Supreme Court's decision in *In re Gomez* on February 2, 2009. A decision of a state court cannot render a petition timely under 28 U.S.C. § 2244(d)(1)(C). Moreover, the Petition would be untimely even if § 2244(d)(1)(C) were applicable.

### e. **The Date on Which Petitioner Knew or Should Have Known of the Breach – 28 U.S.C. § 2244(d)(1)(D)**

Ground Two of the Petition is based upon an alleged breach of a plea agreement. In the context of an alleged breach of a plea agreement, the one-year period begins running on the date the inmate was, or through the exercise of reasonable diligence, should have been aware of the breach (the factual predicate of his claim). *Murphy v. Espinoza*, 401 F. Supp. 2d 1048, 1052 (C.D. Cal. 2005); *See Perkins v. Curry*, 2010 U.S. Dist. LEXIS 118044, *16 (N.D. Cal. Oct. 25, 2010); *Daniels v. Kane*, 2006 WL 1305209, *1 (N.D. Cal. 2006) (statute of limitations begins to run on "the date a petitioner knew or should have known that a breach occurred"). Thus, the applicable statutory provision is § 2244(d)(1)(D) ("the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence").

6

Petitioner states that he entered into a plea agreement on March 25, 1994. (Petition at 16.) According to Petitioner, as part of the plea agreement, his conviction could be used to enhance a sentence for a future conviction, but only up to one year. (*Id.*)

Petitioner further states that the trial judge in this case used the 1994 conviction as a prior strike, thereby lengthening his sentence by more than one year under the Three Strikes Law. (*Id.*)

Accordingly, Petitioner was aware of the alleged breach of the 1994 plea agreement no later than the sentencing in this case on April 19, 1998. This date is *earlier* than the date on which the conviction became final. Therefore, regardless of which date the Court uses, the Petition is time-barred.

**3.**

**ORDER TO SHOW CAUSE**

IT IS THEREFORE ORDERED that, on or before ***May 23, 2011***, Petitioner shall show cause, if there be any, why this Court should not recommend dismissal with prejudice of the Petition based on expiration of the one-year statute of limitations. Petitioner's response must explain why the Petition is not barred by the statute of limitations.

***Petitioner is also advised that if he fails to timely respond to this Order to Show Cause, the Magistrate Judge will recommend that the District Court dismiss the Petition, with prejudice, based on expiration of the one-year statute of limitations.***

DATED: April 22, 2011

ALICIA G. ROSENBERG
United States Magistrate Judge